**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAYNOR DE JESUS ZUNIGA-ORTEGA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-72500 <br><br> Agency No. A200-757-125 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:      LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Maynor de Jesus Zuniga-Ortega, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law and for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny in part and grant in part the petition for review, and we remand.

We decline to consider the new evidence Zuniga-Ortega references in his reply brief because our review is limited to the administrative record underlying the agency's decision.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The record does not compel the conclusion that Zuniga-Ortega established changed or extraordinary circumstances excusing the late filing of his application for asylum.  *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Zuniga-Ortega failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala.  *See Silaya*, 524 F.3d at 1073.  We reject Zuniga-Ortega's contention that the agency's consideration of his CAT claim was deficient.

In denying Zuniga-Ortega's withholding of removal claim, however, the agency found Zuniga-Ortega's claim did not implicate a protected ground.  When

the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Zuniga-Ortega's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Zuniga-Ortega's remaining challenges to the agency's denial of his withholding of removal claim at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

11-72500